Werner, Appellant, *v.* Aunkst.

Argued March 23, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*George M. Hess, Jr.,* for appellant.

*Daniel F. Knittle,* with him *Greevey & Knittle,* for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

This comes before us on appeal from the granting of a new trial after a verdict for the plaintiff in the amount of $2000 in an action of assumpsit involving the sale of a restaurant.

The lower court stated in its opinion as follows: "Reasons given in support of the motion for new trial strike at many rulings of the Court. Most of the rulings were correct. None is reversible.

"The real argument of the plaintiff seems to hinge around the Court's charging about a third agreement, and about the Court failing to give proper emphasis to an exhibit that was introduced in evidence by defendant."

After reviewing the evidence the trial judge concluded the court's opinion with "We are of the opinion that the interest of right and justice requires that a new trial be granted."

Where there is an appeal from an order granting a new trial, the question before this Court is whether there has been a palpable abuse of discretion by the court below. The presumption is that the grant of a new trial is justified even when the reason given therefore is insufficient, unless the court expressly states it is the only reason. An award of a new trial may not be based solely on "the interest of justice." However, if it appears from our examination of the entire record, and the judge's opinion that he justifiably considered the verdict to be against the weight of the evidence, an order requiring a new trial will not be disturbed. *Morse Boulger Destructor Co. v. Arnoni*, 376 Pa. 57, 101 A. 2d 705 (1954); *Bellettiere et al. v. Philadelphia*, 367 Pa. 638, 81 A. 2d 857 (1951).

From our independent examination of the evidence we conclude that the granting of a new trial was a justifiable exercise of discretion by the trial court.

The evidence discloses that the defendant sold her restaurant business and equipment to the plaintiff for $6000 in September 1948. The real estate in which the restaurant was operated was owned by a third party. Plaintiff contends she was to pay only $1500 down

and the balance in monthly installments of no fixed sum. The defendant contends it was to be a cash transaction but the plaintiff kept delaying payment. Plaintiff paid $4000 by November 1951 when the business, not being a success, was closed. Plaintiff purchased approximately $1300 worth of equipment for the restaurant while she operated it.

At approximately the time it closed she attempted to sell it to a Mr. McClain and apparently took $50 from him either as a down payment or an option. Mr. McClain offered $3000 and the defendant thereupon agreed to take $1500 as the balance due her, but the plaintiff refused to sell unless she could get $2000 from the transaction. The defendant would not agree to this and the sale to McClain was never consummated. Plaintiff testifies that defendant then agreed to take the restaurant, pay her $2000 for it and waive the $2000 which was due on the sale from defendant to plaintiff. This defendant denies.

In what seems to have been a flagrant attempt to defraud her creditors, the plaintiff, apparently with the cooperation of a bank official, now deceased, executed a chattel mortgage to a bank for $4000. She executed this to "protect herself" presumably from the claim which she then recognized the defendant had against her. She was not actually indebted to the bank.

On February 18, 1952 after the restaurant had been closed for several months the plaintiff wrote the defendant as follows: "I have a few people that was interested in the restaurant but so far none of them want it.

"So I am turning the restaurant over to you to do with it what you please, as I don't want it on my hands any longer you know the table and chairs is not paid for if you want them for finishing paying

them you can have them if not I will leave them take them back. Hoping to hear from you soon."

Although we have read all of the evidence we have detailed above only enough to give some conception of the issues involved in the trial and the granting of a new trial.

The only documentary evidence bearing upon the issue (other than some receipts that did not go to the basic merits of the case) was the above letter and the chattel mortgage, both of which throw grave doubts upon the merits of the plaintiff's claim. The trial judge had the opportunity to see and hear the witnesses which may well have added other serious doubts as to the justice of plaintiff's claim and the weight to be given her testimony.

Although the trial court must not invade the jury's sphere and usurp its functions, when a new trial is granted this Court will set it aside only if there has been a palpable abuse of discretion by the court below. We find no such abuse of discretion here.

Order affirmed.